IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSS H. BRIGGS, | ) |
| Appellant, | ) |
| vs. | ) Case No. 4:18-CV-1440-JAR |
| HON. CHARLES E. RENDLEN, III, | ) |
| Appellee. | ) |

## MEMORANDUM & ORDER

This matter comes before the Court on a motion to consolidate filed by Appellee the Hon. Charles E. Rendlen, III. (Doc. No. 4). The matter is fully briefed and ready for disposition.

## BACKGROUND

This bankruptcy appeal was filed on August 29, 2018. (Doc. No. 2). In the underlying bankruptcy matter, Appellant Ross Briggs, a bankruptcy attorney, filed a motion to disqualify Appellee the Hon. Charles E. Rendlen, III from presiding over the case. Briggs had six other bankruptcy matters pending before Judge Rendlen, and Briggs filed identical motions to disqualify in each case. Judge Rendlen denied the motion to disqualify in the underlying case, as well as each of the other six cases (collectively, the "Seven Bankruptcy Cases").[1] Judge Rendlen denied reconsideration in the Seven Bankruptcy Cases on July 10,

---

[1] The Seven Bankruptcy Cases were appealed and assigned the following case numbers: *Briggs v. Rendlen*, Case No. 4:18-CV-1440-JAR (E.D. Mo.); *Briggs v. Rendlen*, Case No. 4:18-CV-1441-JCH (E.D. Mo.); *Briggs v. Rendlen*, Case No. 4:18-CV-1442-AGF (E.D. Mo.); *Briggs v. Rendlen*, Case No. 4:18-CV-1443-JCH (E.D. Mo.); *Briggs v. Rendlen*, Case No.

2018.

On July 12, 2018, Briggs filed a motion to consolidate on appeal the Seven Bankruptcy Cases. (Doc. No. 8-1). On July 24, 2018, Judge Rendlen denied the motion to consolidate on numerous grounds, including that no Notice of Appeal had been filed in any of the Seven Bankruptcy Cases, rending Briggs' request to consolidate premature. (Doc. No. 8-2).

On August 23, 2018, Briggs filed a petition for writ of mandamus or, in the alternative, petition for writ of prohibition, styled *Ross H. Briggs v. the Hon. Charles E. Rendlen, III,* 4:18-cv-1402-JCH (E.D. Mo.) ("Writ Proceeding"). Briggs seeks a mandate that Judge Rendlen recuse himself from presiding over matters related to Briggs' practice and privileges and from issuing further notices and referrals related to Briggs. (Writ Proceeding, Doc. No. 1, at 1).

Judge Rendlen now seeks the consolidation of the appeal of the Seven Bankruptcy Cases because they challenge identical orders denying disqualification. Thus, he argues there exists a common question of law and fact. (Doc. No. 4). Briggs does not oppose the motion to consolidate, but seeks reimbursement of the costs that he incurred filing notices of appeal in each of the six other cases. In support, Briggs maintains that he sought an order consolidating the Seven Bankruptcy Cases for purposes of appeal from the Bankruptcy Court, and that request was denied. Thus, Briggs argues that he wrongfully incurred the cost of filing seven appeals. Briggs also requests that his Writ Proceeding be consolidated with the appeal of the Seven Bankruptcy Cases. (Doc. No. 8).

---

4:18-CV-1444-SNLJ (E.D. Mo.); *Briggs v. Rendlen,* Case No. 4:18-CV-1445-RLW (E.D. Mo.); *Briggs v. Rendlen,* Case No. 4:18-CV-1446-RWS (E.D. Mo.).

In reply, Judge Rendlen argues that Briggs cites no authority that would allow him to seek a refund of filing fees. Moreover, Judge Rendlen maintains that consolidation was denied because Briggs failed to follow proper procedure in seeking consolidation. Judge Rendlen agrees that the Writ Proceeding is intricately intertwined with the appeal of the Seven Bankruptcy Cases, but maintains that it should be transferred to the undersigned, not consolidated, because it seeks a different remedy. (Doc. No. 9).

## DISCUSSION

Consolidation

Under Rule 42(a) of the Federal Rules of Civil Procedure, the Court "may" consolidate actions before the Court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in deciding whether to order consolidation. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Here, consolidation of the appeals in the Seven Bankruptcy Cases is appropriate. There is no dispute that the same order denying disqualification is at issue in each case. Moreover, the appeal of the Seven Bankruptcy Cases involves identical factual and legal issues, the defenses in the cases are identical, and the attorneys in the cases are the same. *See Criswell v. City of O'Fallon, Mo.*, No. 4:06CV01565-ERW, 2007 WL 2669114, at *1 (E.D. Mo. Sept. 6, 2007).

Similarly, the Writ Proceeding presents issues of law and fact that are inextricably intertwined with those present in the appeal of the Seven Bankruptcy Cases. However, it

seeks a different remedy and was filed under different Rules. Thus, the Court will deny Briggs' request that the Writ Proceeding be formally consolidated with the Seven Bankruptcy Cases and instead transfer it to the undersigned for consideration together with the appeals.

Filing Fees

The local rules set forth a procedure for consolidating bankruptcy cases for purposes of appeal. Local Rule 81-901(D)(2) provides:

> Prior to the transmittal of a notice of appeal to the Clerk of the District Court, the Bankruptcy Court may hear and determine requests to consolidate appeals which present similar issues. The Bankruptcy Court's ruling concerning consolidation of appeals may be reviewed by the District Court, in accordance with Local Rule 4.03, on motion filed within twenty-eight (28) days of the District Court's issuance of the Case Management Order pursuant to Local Rules 5.01 and 5.04.

Here, Briggs filed a motion to consolidate in each of the Seven Bankruptcy Cases for purposes of appeal, and Judge Rendlen denied the motion because the plain language of the local rule requires a notice of appeal to be filed before a request for consolidation may be reviewed. The Court agrees. Moreover, each of the seven appeals, although related, concerns a separate bankruptcy proceeding and review by the Court. Thus, Briggs' request for a refund of filing fees will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Appellee Judge Charles E. Rendlen, III's motion to consolidate (Doc. No. 4) is **GRANTED**. The Clerk is ordered to reassign the following cases to the undersigned and consolidate them with the instant case for all purposes:

a) *Briggs v. Rendlen*, Case No. 4:18-CV-1441-JCH;

b) *Briggs v. Rendlen*, Case No. 4:18-CV-1442-AGF;

c) *Briggs v. Rendlen*, Case No. 4:18-CV-1443-JCH;

d) *Briggs v. Rendlen*, Case No. 4:18-CV-1444-SNLJ;

e) *Briggs v. Rendlen*, Case No. 4:18-CV-1445-RLW;

f) *Briggs v. Rendlen*, Case No. 4:18-CV-1446-RWS.

**IT IS FURTHER ORDERED** that this Order of Consolidation be filed in each of the above cases, as well as the instant case, and that all future documents be filed in the instant case, 4:18-CV-1440-JAR. Each of the above cases shall be administratively closed, and no further filings will be accepted in those closed cases.

**IT IS FURTHER ORDERED** that the Clerk shall reassign to the undersigned the case styled *Ross H. Briggs v. the Hon. Charles E. Rendlen, III,* 4:18-cv-1402-JCH.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of September, 2018.